**SHERRILL v. PASCHAL, Collector of Internal Revenue.**

**Civil Action No. 1448.**

District Court, E. D. Arkansas, W. D.

Feb. 7, 1947.

Frank Wills, of Little Rock, Ark., for plaintiff.

James T. Gooch, U. S. Atty., and Gordon Frierson, Asst. U. S. Atty., both of Little Rock, Ark., for defendant.

LEMLEY, District Judge.

The Court having heard and considered the evidence in the above-entitled cause, doth make the following findings of fact and conclusions of law:

### Findings of Fact.

1. During the years 1929 and 1930, Gerald Gay farmed lands owned by Mrs. Sherrill, the plaintiff. She advanced moneys to him and he executed and delivered to her a chattel mortgage on certain work animals, farm tools, equipment and his crops. Being unable to pay his indebtedness to plaintiff, the mortgaged property was delivered to plaintiff at an agreed value of $2,312.02 for the crops, and $2,491.50 for the mortgaged property, making a total of $4,803.52. Thereafter on March 31, 1932, a further payment of $73.60 was made, being the proceeds from the sale of cotton. Plaintiff subsequently paid $58.55 as court costs. After crediting Gerald Gay with the proceeds of the mortgaged property, and debiting him with the amount of costs paid, his account stood at $5,516.37.

2. At the end of 1930, Gerald Gay left the plaintiff's farm.

3. When he left the farm Gerald Gay owned livestock and equipment worth about $3,000, which was not covered by plaintiff's lien.

4. Upon leaving the farm of the plaintiff at the end of 1930, Gerald Gay moved upon the farm of his father, which was adjoining.

5. During the years 1931 and part of 1932, Gerald Gay was employed by the State of Arkansas, at the State House in Little Rock, Arkansas.

6. In June 1932, plaintiff filed suit in the Circuit Court of Poinsett County, Arkansas, for the indebtedness due her by Gerald Gay.

7. In July, 1932, Gerald Gay executed his unsecured note to plaintiff for an amount agreed upon between the parties. Plaintiff knocked off $3,000 of accumulated interest and accepted Gerald Gay's note for $9,000.

8. Gerald Gay did not make an interest payment when it fell due, on the note, and plaintiff filed an amended complaint based on the note.

9. In the latter part of 1932, Gerald Gay entered the mercantile business with his brother at Trumann, Arkansas.

10. In January 1934, Gerald Gay and his brother opened a mercantile store at Lake City, Arkansas, with Gerald Gay in charge thereof.

11. In the winter of 1934, Gerald Gay developed tuberculosis and went to San Antonio, Texas, where he remained in the hospital for about 30 days. He lived thereafter in Texas for approximately one year, after which he returned to his father's farm, where he since has lived and has operated the said farm.

12. On May 13, 1935, plaintiff procured a judgment against Gerald Gay in the Circuit Court of Poinsett County, Arkansas, for $11,076.64, to bear interest.

13. On May 16, 1938, plaintiff revived the lien of the said judgment.

14. On May 12, 1941, plaintiff again revived the lien of the judgment.

15. On May 6, 1935, C. L. Gay, father of Gerald Gay, offered to pay $200 for an assignment of the debt to him; this offer was declined.

16. On June 6, 1935, C. L. Gay wrote a letter to J. A. Sherrill, husband of the plaintiff, in which he enclosed a check for $250 and stated the letter might serve as a note for an additional sum of $250 to be paid on or before November 1, 1935. This offer was made as in full satisfaction of all Gerald Gay's notes and accounts due her to date. This offer was rejected, and J. A. Sherrill made a counter offer that he would recommend to his wife that she would accept an offer of $1,000 if it should be made.

17. On June 9, 1935, C. L. Gay wrote J. A. Sherrill that $500 was all he wanted to obligate himself to pay and should the plaintiff desire to take it just let him know.

18. Neither of the propositions made by C. L. Gay nor the counter proposition made by John A. Sherrill was accepted.

19. In July 1941, the day before Gerald Gay filed a petition in bankruptcy, he telephoned J. A. Sherrill that he would pay $250 in settlement of the indebtedness, and that if this was not accepted he would go into bankruptcy. His offer was rejected and he filed his petition in bankruptcy the next day.

20. On July 18, 1941, Gerald Gay was adjudged a voluntary bankrupt. He scheduled assets of the value of $75 and scheduled the debt of Mrs. Sherrill as his only indebtedness.

21. Plaintiff claimed a loss of $7517.37 on her income tax return for 1941.

22. The Collector disallowed the claim, and levied a deficiency tax of $3,225.59, which was paid on May 5, 1944.

23. On April 10, 1945, plaintiff filed a claim for $2,440.69, based on improper disallowance of $5,516.37 of the debt claimed as a loss.

24. On May 22, 1946, this claim was disallowed. This suit followed.

25. Plaintiff did not at any time procure the issuance or levy of a writ of execution based upon her judgment against Gerald Gay, obtained on May 13, 1935, or on any revival of the lien thereof.

26. There is no evidence showing or tending to show that C. L. Gay, father of Gerald Gay, was under any legal obligation to pay the indebtedness of Gerald Gay, or any part thereof.

27. C. L. Gay is still living. It is shown that he owns a large farm, but there is no testimony as to the value of that farm, nor whether it is encumbered, or whether C. L. Gay owes any debts, nor is there any showing as to the number of his descendants.

28. There is no evidence to show what became of the property which Gerald Gay

772

owned at the end of the year 1930, or when he disposed of it.

29. There is no evidence showing, or tending to show, the value of the property, or the assets and liabilities of the stores operated by Gerald Gay and his brother at Trumann and Lake City, Arkansas, in the years 1932, 1933 and 1934, and there is no evidence to show what became of such property, or when it was disposed of, or for what amount, or what became of the proceeds thereof.

30. John A. Sherrill, husband of plaintiff Mrs. Mary B. Sherrill, acted as her agent in all matters relating to efforts to collect the indebtedness of Gerald Gay. He is a lawyer and was such at all times mentioned in these findings.

31. The debt of Gerald Gay did not become worthless in the year 1941.

## Conclusions of Law.

1. In this case, the burden is upon the plaintiff to prove that the debt of Gerald Gay became worthless in the year 1941. Boehm v. Commissioner of Internal Revenue, 326 U.S. 287, 66 S.Ct. 120.

2. The plaintiff having failed to prove such fact, her complaint should be dismissed and judgment should be entered for the defendant.